A.M. v Holy Resurrection Greek Orthodox Church of Brookville (2021 NY Slip Op 06327)





A.M. v Holy Resurrection Greek Orthodox Church of Brookville


2021 NY Slip Op 06327


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 156132/16 Appeal No. 14606 Case No. 2020-03483 

[*1]A.M., and Another, Plaintiffs-Respondents,
v
Holy Resurrection Greek Orthodox Church of Brookville, et al., Defendants, Father Demetrios Kehagias, Defendant-Appellant.


Matthew A. Kaufman, New York, for appellant.
Herman Law, New York (Stuart Mermelstein of counsel), for respondents.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered August 3, 2020, which, to the extent appealed from as limited by the briefs, denied the cross motion of defendant Father Demetrios Kehagias to dismiss the complaint as against him, unanimously affirmed, without costs.
This action involves an alleged sexual assault by Kehagias's minor son against one of the plaintiffs, also a minor. The complaint was also interposed against Holy Resurrection Greek Orthodox Church of Brookville, the Greek Orthodox Archdiocese of America, and one other individual. The case was ultimately dismissed as against all other defendants. During the course of the proceedings, Kehagias filed a voluntary Chapter 7 bankruptcy petition, which stayed the action as against him; the Bankruptcy Court granted plaintiffs relief from the stay insofar as they were permitted to prosecute the action to determine liability and damages as against Kehagias. The bankruptcy court order also provided that plaintiffs were permitted to collect any settlement or judgment against Kehagias solely from the proceeds of insurance.
Kehagias, now the sole remaining defendant in this action, evokes res judicata, collateral estoppel, and law of the case, arguing that the complaint should be dismissed as against him under CPLR 3211(a)(5) in light of our finding in a prior appeal that he was "not acting in furtherance of Church or Archdiocese business and within the scope of his employment at the time of the incident" (A.M. v Holy Resurrection Greek Orthodox Church of Brookville, 190 AD3d 470, 470 [1st Dept 2021]). Kehagias further argues that by absolving the other defendants of vicarious liability for the alleged sexual assault, this Court determined, as a matter of law, that the insurance carriers for the Church and Archdiocese have no contractual obligation to defend and indemnify him, and thus, that the complaint should be dismissed as against him.
Supreme Court properly denied Kehagias's motion. The liability in tort of the Church and Archdiocese, on the one hand, and whether their insurance carriers properly disclaimed coverage of Kehagias, on the other, are separate issues. Issues of insurance coverage do not give rise to collateral estoppel or res judicata to bar this action, which is a tort action sounding in negligence. Moreover, the issue of insurance coverage is not yet ripe, since there has been no judgment entered against Kahagias, nor has there been a judicial determination regarding the propriety of the insurers' disclaimers of coverage. The insurers are also not parties to this action, and therefore cannot assert a defense.
In light of this determination, we need not reach the parties' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021